# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### EASTERN DIVISION

**MARSHALL A. MCNICKLES**                                    **PETITIONER**

**VERSUS**                         **CIVIL ACTION NO. 4:08CV85 TSL-LRA**

**ED HARGETT and**
**THE STATE of MISSISSIPPI**                                   **RESPONDENTS**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Marshall McNickles pled guilty to possession of a firearm by a convicted felon in the Circuit Court of Wayne County, Mississippi. He now seeks federal habeas relief under 28 U.S.C. § 2254. Upon review of the entire record, the undersigned recommends his petition be dismissed with prejudice.

## Procedural History

In January 2005, McNickles pled guilty to the possession of a firearm by a convicted felon, and was sentenced as a habitual offender to 13 years in the custody of the Mississippi Department of Corrections. On May 5, 2005, Petitioner filed a Motion for Post Conviction Collateral Relief ("PCR") which was subsequently denied by the trial court on January 27, 2006. Aggrieved by the denial, McNickles appealed the trial court's dismissal of his PCR to the Mississippi Supreme Court, asserting the following violations of due process:

    (1)    the trial court erred in accepting his guilty plea over his claims of innocence and in denying him the opportunity to present mitigating testimony,

    (2)      that his plea was not knowingly and intelligently entered,

    (3)      that he was denied due process of law in sentencing, because he was sentenced to an enhanced sentence as a habitual offender by a judge, rather than by a jury,

    (4)      that the court erred in failing to conduct an evidentiary hearing, and

    (5)      that the cumulative effect of the denial of due process during his sentencing process deprived him the right to a fair trial.[1]

*McNickles v. State*, 979 So.2d 693, 694 (Miss. Ct. App. 2007) reh'g denied, Nov. 27, 2007.

After considering each of these issues on the merits, the Mississippi Court of Appeals affirmed Petitioner's conviction in a written opinion, and denied his request for rehearing. *Id*. A writ of certiorari was subsequently denied by the Mississippi Supreme Court on April 10, 2008. McNickles now seeks federal habeas corpus relief under 28 U.S.C. §2254.

## Standard of Review

This Court's review of Petitioner's claims for federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. Under the Act, this Court cannot grant a petitioner federal habeas corpus relief for any claim that was adjudicated on the merits in a state court proceeding, unless the adjudication:

    (1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] The court noted that " McNickles also claims that his counsel was ineffective; however, this issue was not presented to the trial court in his PCR and was not specifically listed as an issue in his brief to this Court." *Id.*

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the first prong, the clauses "contrary to" and "unreasonable application of" are independent bases for granting federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court's decision is "contrary to" federal law if it contradicts Supreme Court precedent or reaches a different result on materially indistinguishable facts. *Id.* Under the "unreasonable application" clause, a federal habeas court may grant relief if the state court "correctly identifies the governing legal principle" but then "unreasonably applies it to the facts of the particular case." *Bell v. Cone*, 535 U.S. 685 694 (2002). The state court's decision must be objectively unreasonable, not merely erroneous or incorrect. *Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

AEDPA's second prong requires that federal courts defer to a state court's factual determinations unless they are based on an "unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Deference is critical because federal courts have no authority to grant habeas corpus relief simply because "we conclude, in our independent judgment, that a state supreme court's application of [federal] law is erroneous or incorrect." *Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002). Thus, we presume the state court's determination of a factual issue is correct, unless a petitioner rebuts the

3

presumption with clear and convincing evidence. *See* 28 U.S. C. § 2254 (e)(1).

## Grounds for Federal Habeas Relief

As grounds for relief, McNickles raises essentially the same due process grounds that were raised on state post-conviction review. He asserts that his rights to due process were violated because:

(1) the trial court accepted his guilty plea despite his claims of innocence and without giving him the opportunity to present mitigating testimony,

(2) his plea was not knowingly and intelligently entered,

(3) he was sentenced to an enhanced sentence as a habitual offender by a judge, rather than by a jury; and because

(4) the cumulative effect of the denial of due process during his sentencing process deprived himof the right to a fair trial.

## Discussion

In ground one, McNickles claims his right to due process was violated because the trial court accepted his guilty plea despite his claims of innocence and without giving him the opportunity to present witnesses in his defense. He asserts further in ground two that his guilty plea was not knowingly and voluntarily made because he never admitted that he knew the firearm was in his vehicle, and because the State failed to prove that he had "actual knowledge" of the firearm.

A guilty plea is consistent with due process and will be upheld on federal habeas review only if it is entered into knowingly, voluntarily, and intelligently. *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000). When a defendant proclaims his innocence,

but pleads guilty, due process is satisfied if the State can establish a "factual basis for the plea." *North Carolina v. Alford*, 400 U.S. 26, 38 (1970).  This is commonly known as an *Alford* plea.  Under *Alford*, "[a]n individual accused of [a] crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Id.* at 37.

Prior to accepting McNickles's guilty plea, the trial court conducted a hearing on the defendant's motion to suppress the evidence discovered by law enforcement during the stop of McNickles's vehicle.  The transcript from that hearing includes testimony from responding officers, Deputy Kevin Stevens and Narcotics Officer Michael Tolbert.  Deputy Stevens testified that he pulled Petitioner's vehicle over in response to a radio dispatch call concerning a vehicle involved in an undercover drug operation.  Officer Tolbert testified that upon arriving at the scene, he conducted a cursory pat down of Petitioner, during which he discovered six .22 caliber cartridges in his pants pocket.  Concerned for their safety, Tolbert asked McNickles whether there was a firearm in the vehicle, and McNickles responded affirmatively.  Immediately upon opening the door, Tolbert discovered a .22 pistol in plain view behind the driver's seat.  Shortly thereafter, dispatch reported that Petitioner was a convicted felon, and he was taken into custody.[2]

---

[2] ECF No. 5-4, pp. 16-93.

When confronted with this evidence at the suppression hearing, Petitioner denied that the .22 cartridges were found in his pants pocket and denied that he knew or told police that a firearm was in the vehicle. He also asserted that other witnesses could attest that the gun did not belong to him.[3] After hearing all the evidence, the trial court denied the motion to suppress and ordered the trial to proceed. Following a brief recess, the court was informed that Petitioner had agreed to plead guilty.[4]

As the record clearly reflects, the evidence submitted at the suppression hearing was more than sufficient to support a factual basis for McNickles's *Alford* plea. Petitioner was charged with possession of a firearm and was found with .22 cartridges in his pocket and a .22 firearm in his vehicle. He also confessed to the responding officers that there was a firearm in the vehicle. This evidence clearly negated his claim that he did not have actual knowledge that there was a firearm in the vehicle he was driving. Moreover, as the state court found on post-conviction review, *Alford* does not require that McNickles admit that he knowingly possessed the forearm. Further, it is sufficient that a strong and credible factual basis for the plea was established, and the judge taking the plea made diligent inquiry into and "sought to resolve the conflict between the waiver of trial and the claim of innocence." *Alford* at 168.

---

[3] ECF No. 5-4, p. 9.

[4] ECF No. 5-4, p. 79.

It is also clear from the record that when confronted with the evidence to be presented at trial, McNickles concluded that "it was in his best interest to plead guilty instead of going to trial, where, if convicted, he would have faced a life sentence." *Id*. at 696. The following exchanges occurred at McNickles's guilty plea hearing:

| | |
|---|---|
| The Court: | Marshall, this document is a guilty plea petition. I think you have gone through this process before of pleading guilty to a felony crime; is that correct? |
| McNickles: | Yes, sir. |
| THE Court: | I have to ask you a lot of questions about this. And the purpose of my questions is to make sure that if you want to plead guilty in accordance with the plea bargain offer that the District Attorney has made to you, that you do that of your own free will, voluntarily, and intelligently. Okay? |
| McNickles: | Yes, sir.[5] |

. . . .

| | |
|---|---|
| The Court: | Do you, in fact, want to plead guilty to this charge? |
| McNickles: | Yes, sir. |
| The Court: | Have you made that decision freely and voluntarily? |
| McNickles: | Considering my options, yes, sir, I have.[6] |

. . . .

| | |
|---|---|
| The Court: | Marshall, has anybody tried to force you into pleading guilty or make you do this when you really don't want to plead guilty and you want to go to trial? |
| McNickles: | Well, see, sir, like the way the thing is against me and things like that, I have no other choice. |
| The Court: | You have a choice. You can have a trial and take your chances. It is sort of like having a bird in the hand and two birds out there in the bush. You have a plea bargain in your |

---

[5]ECF No. 5-4, p. 80.

[6]ECF No. 5-4, p. 83.

|||
|---|---|
| | hands right now; there is an unknown out there in the bush. You might get acquitted. You might get convicted and get life. I don't have any idea. I don't have a crystal ball. |
| | It is a difficult choice, but it is a choice. Is this what you want to do under all the circumstances? |
| McNickles: | Considering I can't get in touch with none of my witnesses or anything like that, I don't have proper time to get in touch with them, if I go to court, I'm going to lose because I don't' have anybody to stand up for me. So I choose to do this. |

. . . .

| | |
|---|---|
| The Court: | Marshall, Paragraph 16 of your petition has been written out here and I want to read it to you and ask you about it. |
| | It says that you plead guilty and request the Court to accept your plea of guilty on the basis of having been convicted of two or more felonies and having served one year or more on each felony, one being a violent felony. And on December 5th, 2003, that you were knowingly in possession of a firearm, a .22 caliber, while you were in Wayne County, Mississippi. Is that true? |
| McNickles: | Yes, sir. |
| The Court: | Earlier you testified that you did not know that that .22 pistol was in that pickup that you were in; is that – |
| McNickles: | Yes, sir, I testified to that. |
| The Court: | What is the truth? |
| McNickles: | I didn't. |
| The Court: | You did not know. How then can you be guilty of knowingly possessing a firearm? |
| McNickles: | The way things – say we are going to court. I don't have nobody here to speak on my behalf, the person owning the gun to speak on my behalf. If I go to court, I'm going to lose. Instead of me going to court taking a chance, playing with my life, and losing and never get out, then I agree to it. |
| The Court: | You heard the testimony of the two deputies earlier this morning - - |
| McNickles: | Yes, sir. |

. . . .

8

| | |
|---|---|
| The Court: | What I was about to say is, you heard the testimony of the two - - the deputy sheriff and the narcotics officer that testified that they found the cartridges on your person in your pocket, right? |
| McNickles: | Yes, sir. |
| The Court: | And you heard them testify that this gun was found - - |
| McNickles: | Behind the seat. |
| The Court: | - - behind the front seat driver side of your pickup? |
| McNickles: | Yes, sir. |
| The Court: | And you heard them both testify that they said that you said that there was a gun in the truck behind the front seat? |
| McNickles: | Yes, sir. |
| The Court: | Because of that kind of testimony, do you believe that if you went to trial and a jury heard all this case that there is a good chance that the jury is going to convict you of this crime and because of that you want to take this deal that is on the table? |
| McNickles: | Yes, sir.[7] |

The above exchanges reflect that McNickles's guilty plea was knowingly, intelligently and voluntarily made. He was informed of the nature of the charges against him. He was advised of his right to trial and agreed to waive that right by pleading guilty. He also acknowledged in open court and under oath that his plea was freely and voluntarily given. "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980). McNickles's arguments to the contrary are without merit.

---

[7]ECF No. 5-4, pp. 87-90.

As for Petitioner's claim that he was denied the opportunity to present witnesses, the record reflects that prior to the suppression hearing, the trial court conducted an inquiry about whether counsel had contacted witnesses on his behalf.  Defense counsel informed the court that he had only been advised of one witness prior to trial, and that he and Petitioner had agreed not to call that witness because he was also a convicted felon.[8]  After further discussion, the trial court agreed to issue subpoenas instanter for witnesses who Petitioner claimed would confirm that the gun did not belong to him.  But, as the trial court explained, the issue was one of possession, not ownership:

> The Court: What would you anticipate they would say if they were here to testify before this jury?
>
> McNickles: They can prove that the weapon didn't belong to me.
>
> The Court: Let me stop you.  It is not an issue of ownership, it is an issue of possession. . . .  The issue is possession.  Do you understand that?
>
> McNickles: I understand what you are saying.[9]

Further, as the state court found on direct appeal, McNickles waived his right to present witnesses when he waived his right to trial. *McNickles*, 979 So.2d at 697 (citing *Brooks v. State*, 573 So.2d 1350, 1352 (Miss. 1990)) ("A valid guilty plea . . . admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant.").

---

[8]ECF No. 5-4, pp. 10-11.

[9]ECF No. 5-4, p.10.

In sum, McNickles has not shown that his *Alford* plea was improperly accepted. Although he maintains his innocence, he acknowledged under oath the State's strong evidence against him and the likelihood of conviction if he proceeded to trial. He then knowingly, intelligently and voluntarily chose to plead guilty. The state court's rejection of this claim was not contrary to or an unreasonable application of federal law.

In ground three, McNickles asserts the trial court violated his right to due process because the prior convictions relied upon by the trial court to enhance his sentence were not submitted to a jury, in violation of the United States Supreme Court's holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 296 (2004). Petitioner's prior felony convictions have never been in dispute. At his sentencing hearing, he admitted to prior convictions for armed robbery, felony theft, and drug trafficking in Mississippi, Texas and Florida, respectively.[10]

The rule announced in *Apprendi* and reiterated in *Blakely* plainly allows for judicial determination of prior convictions to enhance sentences beyond the statutory maximum. In *Apprendi,* the Court held that the Sixth Amendment of the Constitution requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." 530 U.S. at 490. In *Blakely*, the Court expressly reaffirmed that any factor that

---

[10]ECF No. 5-4, pp. 84 -85.

11

increases a criminal penalty beyond the statutory maximum "other than the fact of a prior conviction". . . "must be submitted to a jury and proved beyond a reasonable doubt." 542 U.S. at 301. *Blakely* clarified further that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, 542 U.S. at 303-04. The only bases for sentence enhancement relied upon in this case were the three prior felony convictions McNickles admitted to at the guilty plea hearing. Neither *Apprendi* nor *Blakely* require a jury determination.

Mississippi courts applying *Apprendi* have also long held that a prisoner's habitual offender status is not a jury issue. *McNickles*, 979 So.2d at 698 (citing *Buckley v. State*, 511 So.2d 1354, 1360 (Miss. 1987) and *Keyes v. State*, 549 So.2d 949, 951 (Miss. 1989)) (an accused has no constitutional right to a jury trial on the question of whether he is habitual offender). *See also Smith v. State,* 963 So.2d 1168, 1169-70 (Miss. Ct. App. 2007) ("The United States Supreme Court, the Mississippi Supreme Court, as well as this Court, have made clear that an offender has no entitlement to a jury trial on the issue of whether or not he qualifies for enhanced punishment under the habitual offender statute."). The local rules of state court also provide that a hearing on prior convictions after a guilty plea is entered will be considered by the trial court, not a jury.[11]

---

[11] Rule 11.03 of the Uniform Rules of Circuit and County Court provides:

If the defendant is convicted or enters a plea of guilty on the principal charge, a

12

Petitioner contends further that his sentence is illegal because state law requires that prisoners sentenced pursuant to Mississippi's habitual offender statute receive a life sentence, while he was sentenced to only 13 years. Miss. Code Ann. 99-18-83 (Rev. 2000).[12] He was charged with possession of a firearm by a convicted felon, pursuant to Miss. Code Ann. § 97-37-5, which, at the time of his indictment, imposed a fine of not more than $5,000, or a sentence up to three years, or both. The trial court was authorized under the state's habitual offender statute to use petitioner's prior convictions to increase the statutory maximum to life, but instead accepted the plea agreement of 13 years. McNickles clearly benefitted from the sentence he now challenges. The sentence imposed was more lenient than the sentence to which he was entitled. Also, "[i]t is well established in Mississippi that an individual may not plead guilty to a crime, receive a lesser sentence than what is prescribed by statute, and then use the more lenient sentence as a sword to attack the entire sentence as illegal." *McNickles*, 979 So.2d at 697 (quoting

---

hearing before the court without a jury will then be conducted on the previous convictions.

[12] Miss. Code Ann. 99-19-83 provides as follows:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

13

*Cook v. State*, 910 So.2d 745, 747 (Miss. Ct. App. 2005)).

The Court finds the state court's use of Petitioner's prior convictions to enhance his sentence to 13 years was neither contrary to, nor an unreasonable application of, clearly established federal law. Rather, it was entirely consistent with the United States Supreme Court's holdings in *Apprendi* and *Blakely*.

In ground four, McNickles argues that the cumulative effect of the due process violations deprived him of his right to a fair trial. In this circuit, a cumulative error claim entitles a petitioner to habeas relief only where "(1) the individual errors involved matters of constitutional dimensions rather than mere violation of state law; (2) the errors were not procedurally defaulted for habeas purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" *Derden v. McNeel,* 978 F.2d 1453, 1454 (5th Cir. 1992) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). Meritless claims cannot be cumulated regardless of the total number raised. *Id.* Here, Petitioner's claims do not individually or in combination amount to a violation of due process. He knowingly and intelligently pled guilty to the possession of a firearm by a convicted felon. There was no constitutional error in accepting Petitioner's *Alford* plea nor in enhancing his sentence because of his prior convictions. The cumulative error claim, as well as the other claims alleged, fail to establish grounds for habeas relief.

**Conclusion**

For the reasons discussed herein, the undersigned United States Magistrate Judge recommends that the Petition for Writ of Habeas Corpus be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009).

THIS the 3rd day of August 2011.

/s/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE